UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RONDALE WADE, | ) |
| *Plaintiff*, | ) Case No. 1:25-cv-171 |
| v. | ) Judge Atchley |
| HAMILTON COUNTY DETENTION CENTER and HAMILTON COUNTY SHERIFF'S OFFICE, | ) Magistrate Judge Dumitru |
| *Defendants*. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a former inmate of the Hamilton County Jail now incarcerated in Alabama, filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of an incident in which other inmates stabbed him during his Hamilton County Jail confinement [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. The Court will address Plaintiff's motion before screening the complaint.

**I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears from his motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff cannot pay the filing fee in one lump sum, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has

been paid. The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment.

## II.     COMPLAINT SCREENING

### A.     Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B.     Allegations

On an unspecified date during Plaintiff's incarceration in the Hamilton County Jail, several inmates attacked Plaintiff and stabbed him numerous times, causing him significant

injuries. [Doc. 2 at 3–4]. Plaintiff received medical care for his injuries at the jail, as the medical providers refused his request to go to the hospital. [*Id.* at 4]. Plaintiff then got a staph infection and experienced both mental health and back issues, for which he also received treatment. [*Id.*].

Plaintiff states that he is a federal inmate and therefore should not have been housed around state inmates, and that Defendants both (1) failed to protect him and (2) failed to provide him appropriate medical care in a manner that caused him to develop a staph infection. [*Id.* at 4–5]. Plaintiff also claims that the United States had a duty to keep him safe but housed him in the Hamilton County Jail, which he states "is a 'violent' place [] where inmates don't get proper medical care." [*Id.* at 5].

Plaintiff has sued the Hamilton County Detention Center and the Hamilton County Sheriff's Office. [*Id.* at 1, 3]. Plaintiff asks that the Court review and save camera footage and seeks compensatory damages. [*Id.* at 6].

### C. Analysis

First, the Court presumes that Plaintiff is a pretrial detainee for purposes of screening his claims. *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021).

Next, to the extent that Plaintiff seeks to sue the United States for failing to protect him from the attack on him by other inmates even though he did not name this entity as a Defendant in his complaint, this claim falls under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."), *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003); *Robertson v.*

3

*Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) ("We review *Bivens* and § 1983 actions under the same legal principles, except for the requirement of federal action under *Bivens* and state action under § 1983.").

The Sixth Circuit has held "that a failure-to-protect claim by a pretrial detainee requires only an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly." *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 728 (6th Cir. 2022) (citation omitted). Accordingly, for Plaintiff's complaint to state a plausible claim that any Defendant failed to protect him from other inmates, Plaintiff must set forth facts from which the Court can infer that the Defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted).

Plaintiff's allegations that the United States housed him in Hamilton County despite knowing it was "violent" and that inmates do not receive proper medical care there are conclusory and unsupported by any specific facts from which the Court can plausibly infer that this entity intentionally subjected him to a substantial risk of harm. As such, they fail to state a plausible claim for violation of his constitutional rights. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

As to the remainder of Plaintiff's claims against the Hamilton County Detention Center and the Hamilton County Sherriff's Office, as set forth above, Plaintiff acknowledges in his complaint that he previously filed a lawsuit arising out of the same stabbing attack against him. The Court notes that, in that previous action, Plaintiff also sued the Hamilton County Detention

Center and the Hamilton County Sherriff's Office. *See Wade v. Hamilton Cnty., et al.*, 1:25-CV-127 (E.D. Tenn. May 1, 2025). The Court dismissed that action because the complaint failed to state a plausible § 1983 claim. *Id.* at Docs. 10, 11.

As the Court noted in its dismissal of Plaintiff's prior action against these same Defendants, neither the Hamilton County Detention Center nor the Hamilton County Sherriff's Office is an entity subject to suit under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))); *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983.").

Additionally, even if the Court liberally construes the complaint as against Hamilton County, which runs the Hamilton County Jail and is a suable entity under § 1983, *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694–95 (1978), this municipality may only be liable under § 1983 if its official custom or policy caused a violation of Plaintiff's constitutional rights. *Id.* And Plaintiff's complaint does not allow the Court to plausibly infer that an official custom or policy of Hamilton County caused any of the incidents underlying his complaint.

Accordingly, Court will **DISMISS** this action for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**